VERNON ADKINS

*v.*

KENTUCKY CENTRAL LIFE AND ACCIDENT INSURANCE COMPANY, *A Corporation*

(No. 9994)

Submitted April 6, 1948. Decided June 22, 1948.

*Ira P. Hager,* for plaintiff in error.

*Mark T. Valentine,* for defendant in error.

KENNA, JUDGE:

This action in assumpsit was brought in the Circuit Court of Logan County by Vernon Adkins against Kentucky Central Life and Accident Insurance Company for the purpose of recovering on a life insurance policy issued by that company on October 30, 1944, insuring the life of Myrtle Adkins in the sum of $500.00 The defendant below filed its plea of the general issue, specifications of defense and a special plea alleging fraud in the procurement of the policy in question. A verdict for the plaintiff was returned which, upon motion of the defendant below, the trial court set aside. This writ of error was granted upon petition of the plaintiff below.

Both the proof of death and the testimony of Dr. H. H. Farley, Superintendent of the Mercy Hospital at Logan, West Virginia show without contradiction that the insured was a patient at that hospital from April 13, 1943, until April 17, 1943; from June 6, 1943, until June 12, 1943; and from May 23, 1944, until June 2, 1944. During the last period a major operation was performed for cystitis and her appendix was removed. She died at the Mercy Hospital on March 21, 1945, after having undergone a second major operation.

In her written application for the policy in question, prepared by the company's agent and signed by her, Myrtle Adkins stated that in the past three years she had not suffered from illness, disease or injury. It was upon this statement that the defendant below based its special plea of fraud. However, the plaintiff introduced evidence to the effect that she had, in fact, told the company's agent correctly concerning her treatment in Mercy Hospital and, as a consequence, the question of fraud became an issue of fact admittedly settled by the verdict of the jury.

The same circumstances, however, that involve the question of fraud involve also the question of whether the company can be held liable under the terms of the policy which contained the following stipulation:

"When Policy Is Voidable—Subject to the provision entitled 'When Policy Is Incontestable,' if prior to the date hereof, the Insured has been rejected for insurance, or if within two years prior to the date hereof, the Insured has consulted a physician, or received treatment for any illness, injury or disease, this policy shall be voidable by the Company either before or after any claim hereunder unless such rejection, consultation or treatment is specifically waived in the 'Space for Endorsements' by the President or Secretary of the Company. If this policy does not take effect, or is voided by the Company the Company's full liability shall be limited to the return of all premiums paid on the policy."

Of course the standard incontestable clause contained in the policy is not applicable and no waiver of the provision in question appears over the signature of the president or secretary of the company in the "Space for Endorsements". Therefore, the provision quoted is an applicable provision of the contract which is specifically pleaded in the defendant's specifications of defense. It stands uncontradicted in this record that the insured within two years prior to the date of the policy has consulted a physician and received treatment for disease, one treatment having been in the form of major surgery. The company has elected to void the policy and has tendered the beneficiary in this proceeding the sum of premiums paid thereunder. Of course in case of doubt the terms of an insurance policy are to be construed in favor of the insured, but clearly here there in no doubt. Neither is there the slightest issue of fact. The insurance company exercised its right of election under the terms of the policy without delay. That being so, it cannot be held liable.

The order of the Circuit Court of Logan County setting aside the verdict and awarding a new trial is affirmed.

*Affirmed.*